STATE v. JUNIOR TROUTMAN AND ROY BARRETT.

(Filed 14 January, 1959.)

**1. Criminal Law § 99—**

On motion to nonsuit only the evidence favorable to the State need be considered.

**2. Arrest and Bail § 6:    Criminal Law § 9— Evidence held sufficient to be submitted to the jury as to defendant's guilt as aider and abettor.**

Evidence tending to show that both defendants were present when a police officer was attempting to make an arrest, that together they followed the officer with the prisoner to the patrol car, and that one of the defendants closed the car door to prevent the officer from placing his prisoner inside and then kicked the officer and forced him to release the prisoner, and that both defendants immediately thereafter joined in an assault on the officer, *is held* sufficient to be submitted to the jury as to the other defendant on a charge of interfering with the officer while he was engaged in the lawful discharge of his official duty in arresting the prisoner, since such evidence is sufficient to warrant the jury in finding that such other defendant was present for the purpose and with the intention of aiding, encouraging, and abetting the first defendant.

**3. Criminal Law § 81—**

Where a defendant testifies at the trial, it is competent to cross-examine him in reference to convictions in other criminal cases for the purpose of impeaching his credibility as a witness, the questions not being based on mere assumptions or implications.

**4. Assault and Battery § 16—**

Where, in a prosecution for assault with deadly weapons with intent to kill, inflicting serious injury not resulting in death, defendants testify that they used no weapons but fought in their self-defense, and thus controvert the use of deadly weapons and the intent to kill, the court properly instructs the jury as to lesser degrees of the offense charged.

**5. Assault and Battery § 17—**

A verdict of guilty of an assault where serious injury is inflicted is a sufficient finding of serious damage within the purview of G.S. 14-33(a) and removes the prosecutions from the limitations under (b) of that statute, so as to authorize fine, or imprisonment, or both, in the discretion of the court.

APPEAL by defendants from *Sharp, S. J.,* June, 1958 Regular Term, GASTON Superior Court.

Criminal prosecutions upon six bills of indictment returned by the grand jury. In Nos. 1083 and 1088 defendants were separately charged with hindering, obstructing, delaying, and interfering with Lowell Police Officer Ridley while he was engaged in the lawful discharge of his official duty in arresting Jerry Warren for being drunk in a public

place in the Town of Lowell. In Nos. 1085 and 1091 the defendants were separately charged with the felonious robbery of Officer Ridley by assaulting and putting him in fear, and by threats of violence did forcefully take from and rob him of a .38-calibre pistol, blackjack, and a flashlight. In Nos. 1086 and 1087 the defendants were separately charged with felonious assault with deadly weapons—pistol, blackjack and flashlight—with intent to kill, inflicting serious injury not resulting in death. All the foregoing charges were consolidated and tried together. Numerous witnesses testified both for the State and for the defendants. The defendants testified in their own behalf. The jury returned verdicts of guilty in Nos. 1083 and 1088, interfering with the police officer in the discharge of his duties; and in Nos. 1086 and 1087 the jury returned verdicts: "Guilty of an assault wherein serious injury was inflicted." In Nos. 1085 and 1091, in which the defendants were charged with robbery, the jury returned verdicts of not guilty. In the cases in which verdicts of guilty were returned, prison sentences of two years were imposed as to each defendant in each case, to run consecutively. From the judgments, defendants appealed.

*Malcolm B. Seawell, Attorney General, Claude L. Love, Ass't. Attorney General, for the State.*

*Mullen, Holland & Cooke, By: Frank P. Cooke for defendants, appellants.*

HIGGINS, J.   The defendant Barrett insists the evidence as to him in case No. 1083—interfering with an officer—was insufficient to go to the jury and that his motion to dismiss should have been allowed. The sufficiency of the evidence to go to the jury on the assault charge against Barrett and as to both charges against Troutman is not controverted. In testing the sufficiency of the evidence, only that favorable to the State need be considered. *State v. Norris,* 242 N.C. 47, 86 S.E. 2d 916; *State v. Ewing,* 227 N.C. 535, 42 S.E. 2d 676.

The State's evidence disclosed that Officer Ridley, on duty and in uniform, received two complaints and, in consequence thereof, he went to a public place of business on Birch Street in the Town of Lowell, about eight o'clock at night. The place was operated by Ben Davis who carried "a small line of canned goods, assorted drinks, and bread." In addition to the defendants, Jerry Warren and Clarence Gibson were present in the Davis store. Warren was drunk. On observing Warren's condition, Officer Ridley sought to place him under arrest for being drunk in a public place. The officer, with Warren in custody, started to the patrol car outside, but the prisoner braced himself against the door facing, and the officer testified, "I couldn't

budge him out." As the officer got the prisoner outside and near the patrol car, (the defendants having followed) Troutman said, "Let him—let us have him and we'll take him home." The officer replied, "No, I have brought him this far and had this much trouble with him, I'm going to carry him on. . . . Troutman, Barrett, and Gibson came up to my car . . . Troutman . . . slammed the door . . . Jerry Warren (the prisoner) made a break to get away . . . I was holding him . . . As we went in front of Troutman, he threw his foot up in the pit of my stomach and grabbed me with both hands . . . Warren got aloose and ran . . . They were cussing me there. Roy Barrett and Junior Troutman were cussing about using that damn blackjack."

Officer Ridley called for help over the police car radio. Then followed a fight in which the defendants took the blackjack, pistol, and flashlight from the officer. Barrett, with the blackjack, and Troutman, with the gun, assaulted the officer. "I was helpless, and I was trying to protect my head, and they beat me down to the ground two or three times. . . . They beat me flat on my face on the ground and I was lying there and was knocked out for a little bit . . . I was bleeding severely."

An ambulance carried the officer to the hospital where he remained six days. He had cuts about his head and face, one on the back of his head required 18 stitches—and one on his lip required four stitches. He was unable to work for three weeks.

Fairly interpreted, the evidence shows Troutman and Barrett were together in the Davis store, and, together, they followed the officer with his prisoner to the patrol car. Troutman closed the door to prevent the officer from placing his prisoner inside and then kicked the officer and grappled him and forced the release of the prisoner. Then both defendants joined in the assault. The almost instantaneous joinder of Barrett in the assault was sufficient to warrant the jury in finding Barrett was present with Troutman for the purpose and with the intention of aiding, encouraging, and abetting in releasing the prisoner and in preventing the officer from pursuing him after his escape. The court properly submitted the evidence to the jury in Case No. 1083 against Barrett. *State v. Burgess,* 245 N.C. 304, 96 S.E. 2d 54; *State v. Kelly,* 243 N.C. 177, 90 S.E. 2d 241.

The defendant Troutman assigns as error the action of the court in permitting the solicitor to cross-examine him in reference to convictions against him in other criminal cases. The defendant was testifying as a witness in his own behalf. The impeaching questions were relevant and proper as bearing on his credibility as a witness. *State v. Howie,* 213 N.C. 782, 197 S.E. 611; *State v. Maslin,* 195 N.C. 537, 143 S.E. 3. The case of *State v. Phillips,* 240 N.C. 516, 82 S.E. 2d

762, cited by the defendant, is in nowise authority for the exclusion of the evidence elicited by the solicitor on cross-examination of Troutman. In the *Phillips case,* the questions were based on assumptions, upon implications, and for that reason were properly excluded. However, an entirely different situation was present in this case. The evidence elicited on the cross-examination had bearing on the weight to be given by the jury to the defendant's testimony.

Finally, the defendants assign as error the action of the court in charging the jury that under the indictments in 1086 and 1087 the jury might return one of the following verdicts: (1) Felonious assault; (2) assault with a deadly weapon; (3) assault inflicting serious injury; (4) not guilty. In cases Nos. 1086 and 1087, the State offered evidence sufficient to support a verdict of a felony. However, the defendants had testified, claiming they did not use any weapons; that they fought with their hands only in their own self-defense and to prevent an unlawful arrest. Thus the evidence as to intent to kill, and as to the use of weapons was in conflict. It became the duty of the court, therefore, to instruct the jury as to the verdicts of an assault with a deadly weapon or assault inflicting serious damage. The verdicts of "guilty of an assault wherein *serious injury* is inflicted," is a sufficient finding of *serious damage* to remove these cases from the limitations under (b) of G.S.14-33 and to permit punishment under (a) of that section; that is, by fine, or imprisonment, or both, in the discretion of the court. *State v. Gregory,* 223 N.C. 415, 27 S.E. 2d 140, and the numerous cases therein cited.

The court's charge covered all essential features of the cases fully and accurately, and in the trial we find

No Error.