STATE v. EDWARD JOSEPH MOSELEY, FERMAN GILL ABBOTT, GEORGE NEWCOMB EDWARDS, HENRY CLAY HARRIS, JOSEPH A. HALE, WILLIAM M. JARRELL, WILLIE S. JARRELL, MILLARD CHARLES WILLIAMSON, CURTIS ROSE, LEONARD BARHAM, JIMMIE JAMES MULCHI, GEORGE CLARENCE ANSTEAD, GILBERT LEE CLAYTON, WILLIE FURMAN TART, WILLIE HOWARD ANSTEAD.

(Filed 25 November, 1959.)

**1. Criminal Law § 16—**

Where the recorder's court of a county having concurrent jurisdiction with the Superior Court of misdemeanors issues its warrant charging defendant with certain misdemeanors but a *nolle prosequi* is entered in the recorder's court, prior to plea that court loses jurisdiction and the State may proceed upon an indictment found in the Superior Court subsequent to the date of the entry of the *nolle prosequi* and defendant's motion in the Superior Court to remand to the recorder's court is properly denied.

**2. Criminal Law § 84—**

The affidavits of officers testifying for the State are competent for the purpose of corroborating the testimony of the officers, and the action of the court in admitting such affidavits for the restricted purpose of corroboration if the jury should find that the affidavits did in fact corroborate the witnesses cannot be held for error.

**3. Riot § 1—**

The elements of riot are unlawful assembly, intent to mutually assist against lawful authority, and acts of violence.

**4. Riot § 2—**

Evidence tending to show that defendants were members of a large group which gathered outside the gates of a mill at which a strike had

been called, that members of the group threw a number of rocks, bottles and other missiles at cars carrying workers from the mill and cursed and threatened the officers when they arrived on the scene, *is held* sufficient to be submitted to the jury on a charge of riot as to those defendants arrested from the group by the officers.

**5. Criminal Law § 99—**

Upon motion to nonsuit, the evidence must be considered in the light most favorable to the State.

**6. Same—**

Matters of defense are not to be considered on motion to nonsuit.

**7. Same—**

Discrepancies in the State's evidence do not justify nonsuit.

**8. Riot § 2—**

HIGGINS, J., not sitting.

APPEAL by defendants Edward Joseph Moseley, Ferman Gill Abbott, George Newcomb Edwards, William M. Jarrell, Curtis Rose, Leonard Barham, Gilbert Lee Clayton and Willie Furman Tart from *Mallard, J.,* May, 1959 Special Criminal Term, of VANCE.

This is case number 3478 of the criminal docket of Vance County Superior Court, and this number appears on the bill of indictment. The bill of indictment was found and returned into court by the Grand Jury at the above designated term and charged that appellants and others named therein engaged in a riot on 16 March, 1959. Defendants entered pleas of not guilty. The jury returned verdict of guilty as to each of the appellants.

From judgment imposing prison sentences defendants, appellants, appealed and assigned error.

*Attorney General Seawell and Assistant Attorney General Bruton for the State.*

*W. M. Nicholson, James B. Ledford, James J. Randleman, and L. Glen Ledford for appellants.*

MOORE, J. It was stipulated that before the bill of indictment was found and returned in Superior Court warrants for appellants had been issued and executed charging the identical offense charged in

the bill, that these warrants were docketed in the Recorder's Court of Vance County and that defendants had made deposits as required by law for jury trials in Recorder's Court on the warrants. It was further stipulated that the State, prior to the finding and return of the bill of indictment in Superior Court, made the following entry on the record in Recorder's Court in this case then pending there: "The State takes a *nol. pros.*" The deposit for jury trial had not been refunded at the time of the return of the bill of indictment in Superior Court.

Defendants in apt time moved that the cause be remanded to Recorder's Court for trial. The court denied the motion. Appellants contend that the court was in error in refusing to remand and assert that since "Recorder's Court had first taken cognizance . . . Recorder's Court had jurisdiction thereof to the exclusion of the Superior Court."

We hold that the refusal of the court to remand was not error. This identical question was considered and decided in *State v. Clayton,* ante 261. The question is fully discussed therein with full citations of authority and further discussion here would serve no useful purpose.

R. C. Duncan, B. L. Radford and B. H. Jackson, members of the State Highway Patrol, testified for the State. The court admitted in evidence, over objection of defendants, affidavits previously made by these witnesses "for the sole purpose of corroborating the witness(es) . . . and for no other purpose, if . . . the jury find that (they do) corroborate (their) testimony, (the jury) being the sole judge of what that testimony was." The witnesses were cross-examined about the matters contained in the affidavits.

In the admission of the affidavits we find no error. The court restricted this evidence as indicated by the matter in quotations above and further instructed the jury that the affidavits are not substantive evidence and that the jury should not consider them as such. This identical question was decided in *State v. Rose, ante,* 281. Legal authorities are fully cited therein.

Defendants Moseley, Edwards, Rose and Clayton assign as error the denial of their motions for nonsuit at the close of the evidence. G.S. 15-173.

The evidence in its aspect most favorable to the State tends to show: Henderson Cotton Mills is situate on the south side of Alexander Street in the City of Henderson. The street runs east and west. Former mill workers were on strike and the mill was operating with other workers. The mill changes "shifts" at 3:00 P. M. About 2:45 P. M. on 16 March, 1959, a group of 50 to 60 men came from behind a church on Alexander Street approximately 300 yards west of the

mill gate. All the men in the group were carrying in their hands rocks, brickbats, bottles, clubs and other objects. They proceeded westwardly along the sidewalk on the north side of Alexander Street to a point about 500 yards from the mill gate. They waited at this point until cars carrying workers from the mill began to pass. When the first car passed a shower of rocks, bottles and other missiles were thrown by the group and the car was hit by 15 to 20 of these. The group was cursing and threatening the occupants. As the second and third cars passed there were similar incidents. The third car was struck by about 25 missiles. A few highway patrolmen were on the scene and grabbed 4 or 5 of the group but did not arrest them then because they were "pulling back." The group was cursing. About 35 more patrolmen appeared on the scene and 26 men from the group were arrested. The others fled. The group cursed and threatened the officers. George Newcomb Edwards was in the group, was present when the missiles were being thrown at the cars and was one of those arrested. Gilbert Lee Clayton was a member of the group and had a stick in his hand at the time of his arrest. Curtis Rose was in the group when it came from behind the church and was one of those arrested; he carried a stick in his hand. Edward Joseph Moseley was a member of the group that came from behind the church; he was present when the missiles were thrown; when the patrolman attempted to arrest him he ran but was overtaken and arrested; a slingshot was found stuck in his belt inside his shirt.

The offense of riot is composed of three necessary and constituent elements: (1) unlawful assembly; (2) intent to mutually assist against lawful authority; and (3) acts of violence. *State v. Hoffman,* 199 N.C. 328, 332, 154 S.E. 314. All of these elements are present in the instant case. Under the facts herein the State was entitled to go to the jury as against Moseley, Edwards, Rose and Clayton at least on the theory that they were present and were aiding and abetting the rioters. The court instructed the jury fully and correctly as to the requirements of the law to constitute one an aider and abettor. Upon a motion to nonsuit the facts must be considered in the light most favorable to the State. *State v. Troutman,* 249 N.C. 395, 396, 106 S.E. 2d 569. Matters of defense will not be considered on a motion for nonsuit. *State v. Harrison,* 239 N.C. 659, 662, 80 S.E. 2d 481. Discrepancies in the State's evidence will not justify the granting of a motion for nonsuit. *State v. Bryant,* 250 N.C. 113, 117, *108* S.E. 2d *128.*

In this Court appellants move for arrest of judgment on the ground that the bill of indictment fails to allege assembly for an unlawful purpose as a necessary constituent of unlawful assembly. This motion

is denied on authority of *State v. Rose, supra.* The bill of indictment in the instant case is the same in content as that in the *Rose* case.

In the trial we find

No error.

HIGGINS, J., not sitting.