STATE v. YOUNG.

STATE OF NORTH CAROLINA v. ANDREW YOUNG, DEFENDANT
AND
STATE OF NORTH CAROLINA v. ROBERT YOUNG, DEFENDANT.

(Filed 11 October, 1967.)

1. Criminal Law § 104—

On motion to nonsuit, the evidence must be considered in the light most favorable to the State, giving it the benefit of every reasonable intendment thereon and inference therefrom, and contradictions and discrepancies are for the jury to resolve and do not warrant nonsuit.

2. Same—

On motion to nonsuit, defendant's evidence will not be considered when it is in conflict with that of the State.

3. Criminal Law § 106—

Circumstantial evidence is sufficient to be submitted to the jury if it supports as a logical and reasonable inference a finding of every essential element of the offense and the identity of defendants as the perpetrators, it being for the jury to determine whether it excludes every reasonable hypothesis of innocence.

4. Burglary and Unlawful Breakings § 5—

Circumstantial evidence in this case *held* sufficient to be submitted to the jury on the charge against defendants of felonious breaking and entering a store with intent to steal property therefrom, and with larceny of described property therefrom as a result of such unlawful breaking and entering.

APPEAL by defendants from *Martin, S.J.,* at the 17 April 1967 Conflict Schedule "C" Special Session of MECKLENBURG.

By an indictment, proper in form, the defendants were charged with the felonious breaking and entering of Jones Smoke Shop, in the City of Charlotte, with the intent to steal property of the proprietor and with the larceny therefrom of a number of cases of beer as a result of such unlawful breaking and entering. Each defendant entered a plea of not guilty to each charge. The jury found each defendant guilty of both offenses. The charges were consolidated for judgment as to each defendant. Andrew Young was sentenced to four years in the county jail to be assigned to work under the supervision of the State Prison Department. Robert Young received a similar sentence of three years, the difference being due to the past criminal record of Andrew. Both defendants appealed, their only assignments of error being to the denial of their motions for judgment of nonsuit.

The State offered evidence tending to show:

The proprietor of Jones Smoke Shop is Will Jones. On 24 December 1966, at about midnight, he closed the smoke shop, cut out

the lights, locked the door with a heavy padlock and left for the night. He then had in the smoke shop a number of cases of beer which he had purchased from various distributors that evening. This beer he left in the cases in which it was delivered. At 7:30 o'clock the next morning, he returned to the smoke shop. The lock was not on the door. The door was open. The cases of beer were gone. The value of the missing beer was approximately $72.00. Jones had never given either of the defendants permission to go into the smoke shop at night after he had locked up.

The operator of a pool room, separated from the smoke shop only by an alley, was spending the night in the pool room. Between 3 a.m. and 4 a.m. he heard a noise. He looked around and saw Robert Young standing outside the window of the pool room and then saw Andrew Young go past it toward the smoke shop. He then went out of the pool room onto the sidewalk and observed the two defendants, each well known to him, enter the smoke shop through its door, 30 feet from the pool room. The smoke shop was not then open for business. He then went back inside the pool room and did not see the defendants come out of the smoke shop.

The defendants offered no evidence except the testimony of Andrew Young, who denied any knowledge of or participation in any breaking and entering of the smoke shop or any larceny of anything therefrom, and also denied that the two defendants were together at any time during the night in question.

*Attorney General Bruton and Deputy Attorney General Bullock for the State.*

*W. Herbert Brown, Jr., for defendant appellants.*

PER CURIAM. "On motion to nonsuit, the evidence must be considered in the light most favorable to the state, and the state is entitled to every reasonable intendment thereon and every reasonable inference therefrom. Contradictions and discrepancies, even in the state's evidence, are for the jury to resolve, and do not warrant nonsuit. Only the evidence favorable to the state will be considered, and and defendant's evidence relating to matters of defense, or defendant's evidence in conflict with that of the state, will not be considered." Strong, N. C. Index, 2d Ed., Criminal Law, § 104.

The State's evidence identifying the defendants as the perpetrators of the offenses was circumstantial, but in determining the sufficiency of the evidence to withstand a motion for judgment as of nonsuit, it is immaterial whether the evidence is circumstantial or direct or both. *State v. Tillman,* 269 N.C. 276, 152 S.E. 2d 159.

It is sufficient that there be substantial evidence of each material element of the offense and that the defendant was the guilty party. *State v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431.

When considered in accordance with these rules, the evidence in this record is sufficient to support a finding that the locked door of Jones Smoke Shop was forced open, the smoke shop was entered for the purpose of committing larceny therein and that a quantity of beer of substantial value was stolen and removed therefrom by the persons so breaking and entering. It is also sufficient to support a finding that each of the defendants entered the smoke shop unlawfully at the time when the breaking and entering and the larceny were committed. Thus, the evidence was sufficient to justify the denial of the motions for judgment as of nonsuit and the submission of the cases to the jury, which found each defendant guilty of each of the offenses charged in the indictment.

No error.