STATE v. GRAYSON R. DAVIS AND ALBERT GARRANT SMITH.

(Filed 12 January, 1968.)

**1. Burglary and Unlawful Breakings § 10—**

Evidence of the State tending to show that the defendants were observed at midnight at the door of a post office, that the defendants ran at the approach of two officers, and that one defendant dropped at the rear of the building a brown bag containing two screwdrivers, a cold chisel of more than ordinary length, a punch and a wood chisel, *held* sufficient to be submitted to the jury on the issue of defendant's guilt of possessing implements of storebreaking without lawful excuse.

**2. Criminal Law § 9—**

Where two or more persons aid or abet each other in the commission of a crime, all being present, all are principals and equally guilty without regard to any previous confederation or design.

**3. Burglary and Unlawful Breakings § 10—**

In a prosecution under G.S. 14-55 the burden is upon the State to show that the accused had in his possession implements of housebreaking within the purview of the statute and that the possession of such implements was without lawful excuse.

**4. Criminal Law § 104—**

On motion to nonsuit, the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn therefrom.

**5. Criminal Law § 166—**

Assignments of error not brought forward and discussed in the brief are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**6. Criminal Law § 158—**

When the charge of the court is not in the record, it will be presumed that the court correctly instructed the jury with respect to the law and to the evidence.

APPEAL by defendants from *Carr, J.,* 7 August 1967 Criminal Session of ORANGE.

Criminal prosecution on an indictment that charges defendants on 5 April 1967 with unlawfully, wilfully, and feloniously having in their possession, without lawful excuse, implements of storebreaking, to wit, a cold chisel, a wood chisel, a screwdriver, and a crowbar, a violation of G.S. 14-55.

Defendants, who were represented at the trial by their lawyer, A. B. Coleman, Jr., entered pleas of not guilty. Verdict as to each defendant: Guilty of possession without lawful excuse of implements for storebreaking as charged in the indictment.

From a judgment of imprisonment as to each defendant, each defendant appeals.

*Attorney General T. W. Bruton, Deputy Attorney General Harrison Lewis, Trial Attorney Charles M. Hensey, and Staff Attorney Charles W. Wilkinson, Jr., for the State.*
   *Alonzo B. Coleman, Jr., for defendant appellants.*

PARKER, C.J.   It appearing to the trial court that both defendants were indigents, the trial court entered an order that the County of Orange should pay the court reporter for furnishing a transcript of the evidence to their counsel and pay the cost of mimeographing their case on appeal and their brief in the Supreme Court. In the Supreme Court the defendants are represented by their trial counsel, A. B. Coleman, Jr.

The State introduced evidence; defendants offered no evidence. The sole assignment of error brought forward and discussed in defendants' brief is that the court erred in denying their motion for a judgment of compulsory nonsuit made at the close of the State's evidence.

The State's evidence tends to show the following facts: A few minutes before midnight on 5 April 1967 defendants were seen by two deputy sheriffs of Orange County "right up at the Post Office door" in the village of Efland. The post office was closed at that time of night. The two deputy sheriffs were in an Orange County patrol car and were checking out stores and places of business in Efland. When they first saw the defendants they were about 150 feet from them. They threw the hand light on them. The front of the post office was lighted, and the rear was lighted by a light from the F. & F. Supermarket which joins the post office building. The officers drove immediately to the building. They saw a sack or a brown bag under defendant Smith's arm. Evidently the defendants saw them approaching because "they went at almost a run" around the post office building. Defendants were out of the officers' sight momentarily, or "a matter of a second or so." When the officers got around to the back of the post office, the defendants were standing there without anything under their arms, and the sack or brown bag was not in sight. The officers asked them what they were doing at the post office. Defendants said they pulled into the place and went back to relieve themselves. About ten minutes later one of the officers found within two or three feet of the back door of the post office a sack or brown bag right up against the side of the building. It was about 12 or 15 feet from the back door to where the defendants were standing when the officers stopped them. This sack or brown bag contained two screwdrivers, a longer than ordinary cold chisel which can be used as a pinch bar or crowbar, a punch, and a wide faced chisel or wood chisel which can also cut through cement blocks when

one is prizing around a door. They were wrapped in cloth. The long chisel was sticking out of one end of the bag. These instruments can be purchased at any hardware store. Defendants denied having these instruments in their possession. Defendant Smith said that an automobile on the west side of the building belonged to his niece and that he had driven the car up there, but he did not have his driver's license. The next day a .32 automatic pistol was found by a third deputy sheriff under a compressor unit on the south side of the post office. The pistol was lying up against the post office building, and it was chipped on cement.

It is hornbook law in this jurisdiction that in considering a motion to nonsuit in a criminal action the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable intendment thereon and every reasonable inference to be drawn therefrom. Considered in that light, the State's evidence would permit, but not compel, a jury to find these facts: About midnight on 5 April 1967 defendants came to the post office in the village of Efland; that they were seen right up at the post office door; that the post office was closed at that time; that when the defendants became aware of the officers approaching in the patrol car they went "at almost a run" around to the rear of the post office, Smith carrying in his right hand a sack or brown bag; that defendants were out of the officers sight momentarily, or "a matter of a second or so"; that when the officers reached the back of the building they found up against the back of the post office a sack or brown bag containing two screwdrivers, a longer than ordinary cold chisel which can also be used as a crowbar, a punch, and a wood chisel which can be used to cut cement; that the defendants were standing about 12 or 15 feet from this sack or brown bag; that the defendants had these instruments in their possession at the front door of the post office when the officers first saw them; that the instruments found in the sack or brown bag were capable of legitimate use, nevertheless the circumstances disclosed by the evidence permitted the reasonable inference that they were intended for use by defendants for the purpose of breaking into the post office; that at that time of the night in front of a closed post office defendants had these instruments in their possession, without lawful excuse, with intent to use them as instruments for breaking into the post office; and that they were acting in concert and were guilty as charged in the bill of indictment.

This Court said in *S. v. Craddock*, 272 N.C. 160, 158 S.E. 2d 25: "It is thoroughly established law in this State that, without regard to any previous confederation or design, when two or more persons

aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty."

In a prosecution under the provisions of G.S. 14-55, upon which the indictment in this case is based, the burden is on the State to show two things: (1) That the person charged was found having in his possession an implement or implements of housebreaking enumerated in, or which come within the meaning of the statute; and (2) that such possession was without lawful excuse. *S. v. Craddock, supra; S. v. Boyd,* 223 N.C. 79, 25 S.E. 2d 456.

*S. v. Chavis,* 270 N.C. 306, 154 S.E. 2d 340, strongly relied on by defendants in their brief, is factually distinguishable, in that in the *Chavis* case, *inter alia,* the State introduced evidence that defendant said the hat he had been wearing was borrowed and that he had given it back to the fellow to whom it belonged, and in that the hat was found by an officer about four or five feet from where the officer had observed defendant and another man talking. In the instant case no person was seen by the officers at the post office in Efland near defendants or in the vicinity.

Considering the State's evidence in the light most favorable to it and giving it the benefit of every reasonable and legitimate inference to be drawn therefrom, it is our opinion, and we so hold, that the total combination of facts shown by the State's evidence, even though circumstantial, shows substantial evidence of all essential elements of the felony charged in the indictment and is amply sufficient to carry the case to the jury. *S. v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431. The trial court properly overruled the defendants' motion for judgment of compulsory nonsuit.

Defendants have several assignments of error in the record but as they have not carried them forward and discussed them in their brief they are deemed to be abandoned. *S. v. Strickland,* 254 N.C. 658, 119 S.E. 2d 781; Rule 28, Rules of Practice in the Supreme Court, 254 N.C. 783 at 810; 1 Strong's N. C. Index 2d, Appeal and Error, § 45 at 188.

The charge of the court is not in the record. When the charge of the court is not in the record, it will be presumed that the court correctly instructed the jury on every phase of the case, with respect to both the law and the evidence. 1 Strong's N. C. Index 2d, Appeal and Error, § 42 at 185.

In the trial below we find

No error.