STATE OF NORTH CAROLINA v. OTIS LIPSCOMB

No. 413

(Filed 30 October 1968)

1. **Criminal Law § 104— motion for nonsuit — consideration of evidence**

Upon motion for judgment of nonsuit in a criminal prosecution, the evidence introduced by the State must be taken as true and must be interpreted in the light most favorable to the State.

2. **Burglary and Unlawful Breakings § 5— sufficiency of evidence**

The evidence in this case *is held* sufficient to support a finding of every element of the offense of first degree burglary.

APPEAL by defendant from *Thornburg, S.J.*, at the 29 April 1968 Criminal Session of FORSYTH.

Upon an indictment, proper in form, the defendant, having entered a plea of not guilty, was convicted of first degree burglary with a recommendation by the jury that he be sentenced to life imprisonment. From the judgment of the court, entered in accordance with the verdict, the defendant appeals as a matter of right under G.S. 7A-27(a). The sole assignment of error is the denial of his motion for judgment of nonsuit at the conclusion of the State's evidence. No other exception appears in the record.

The defendant offered no evidence in his own behalf. The evidence for the State consisted of the testimony of Robert J. Gaston and C. M. Smith, the latter being a police officer of the city of Winston-Salem.

The testimony of Gaston was to the following effect:

On the night of the alleged offense, 10 December 1967, Gaston returned to his apartment home about midnight. No one else was then in the apartment. He locked the doors and closed all of the windows, each window having a screen over it. He then went to bed and to sleep. About 3 a.m. he was awakened by someone touching his leg. He lay still for a few minutes.

An army jacket, which Gaston had worn, lay on another bed in the room. Gaston heard someone "shifting around, going through the jacket." He could see a silhouette moving about. Before getting out of bed, Gaston reached for and picked up his rifle which was near the bed. He lay in bed a bit longer and then "ejected" the rifle. He then got out of the bed, going over the foot of it, and turned on the light in the room. The defendant was lying on the floor beside the bed. Pointing the rifle at the defendant, Gaston asked him what he was doing but received no reply.

At rifle point, Gaston then conducted the defendant out to the front porch of the apartment. The bedroom door, which Gaston had closed, was open. The front door of the apartment, which Gaston had locked, was also open. The screen had been removed from one of the front windows of the apartment and a muddy footprint was on the couch under that window in the living room, which footprint was not there when Gaston went to bed. While Gaston was trying to get to his telephone to call the police, the defendant ran away. Twelve to 15 minutes elapsed between the time Gaston turned on the light and discovered the defendant in the bedroom and the time the defendant ran away. Gaston then telephoned the police and Officer Smith came to the apartment in response to the call.

Before he turned on the light in the bedroom, Gaston heard his jacket moving, it having a zipper fastener which was making a noise. When Gaston got up and turned on the light, the defendant was the only other person he saw in the apartment.

The next morning, Gaston found in his bedroom a butcher knife which did not belong to him. He found it "at the back of the bed, under the spread." He did not see the knife in the defendant's hand or hear the defendant drop it. He does not know whether it was or was not the defendant's knife. Gaston's trousers and money were upon the same bed as the jacket. There was nothing in the jacket.

The window, which, after the discovery of the defendant in the apartment, was found to be open, had been closed by Gaston but not locked because it had no lock upon it. It did have a screen over it. The window was raised when the police reached the apartment.

The testimony of Officer Smith was to the effect that he reached the apartment of Gaston in response to a telephone call at approximately 4 a.m. on the night in question. He talked with Gaston who gave him the same information related by Gaston in his testimony, together with a description of the intruder. The officer examined the apartment and found that the screen had been taken off the front window, which window was raised approximately three feet.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*Ira Julian for defendant appellant.*

PER CURIAM.

**[1, 2]** Upon a motion for judgment of nonsuit in a criminal prosecution, the evidence introduced by the State must be taken to be true and it must be interpreted in the light most favorable to the State. *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469; *State v. Cook,* 273 N.C. 377, 160 S.E. 2d 49; *State v. Cutler,* 271 N.C. 379, 156 S.E. 2d 679. When so considered, the testimony of the witness Gaston is ample to support a finding of every element of the offense of first degree burglary. There was, therefore, no error in the denial of the defendant's motion for judgment of nonsuit.

Although this is the only ruling of the court assigned as error by the defendant, we have carefully considered the charge of the court to the jury and find therein no basis for the granting of a new trial. We find no error upon the face of the record. No objection appears upon the record to the admission of any evidence. The verdict of the jury is supported by the evidence and the judgment of the court is in accordance with the verdict.

No error.