STATE OF NORTH CAROLINA v. FRANK WALLACE VINCENT

No. 96

(Filed 29 January 1971)

1. Incest— requisites of the offense

A father is guilty of the statutory felony of incest if he has sexual intercourse, either habitual or in a single instance, with a woman or girl whom he knows to be his daughter. G.S. 14-178.

2. Incest— sufficiency of the evidence — uncorroborated testimony of daughter

A conviction for incest may be had against a father upon the uncorroborated testimony of the daughter if such testimony suffices to establish all the elements of the offense beyond a reasonable doubt.

3. Criminal Law § 104— motion for nonsuit — consideration of evidence

On motion for judgment as of nonsuit, the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable intendment thereon and every reasonable inference therefrom.

4. Incest— prosecution of father — sufficiency of evidence

In a prosecution for incest, positive testimony by the 16-year-old prosecuting witness that the defendant, her father, while living with her in the relationship of father and daughter, had sexual intercourse with her, which testimony was corroborated by the other witnesses to whom she had reported the occurrence, held sufficient to be submitted to the jury on the issue of defendant's guilt.

5. Criminal Law § 161— exception to the judgment — question presented

Defendant's exception to the signing and entry of the judgment raises only the question of whether there is error or a fatal defect apparent on the face of the record proper.

Justice LAKE did not participate in the consideration or decision of this case.

APPEAL by defendant from judgment of *Collier, J.,* November 17, 1969 Criminal Session of GUILFORD County Superior Court.

Criminal prosecution on a bill of indictment, proper in form, charging defendant with incest with his daughter.

The State made out this case by the testimony of the prosecutrix: The prosecutrix is the daughter of defendant. The defendant and the prosecutrix's mother are separated. On 13 September 1969 the defendant compelled the prosecutrix, who was then a 16-year-old inmate of his home, to engage in sexual inter-

course with him, as he had done on various other occasions since the prosecutrix was 9 or 10 years old. On 16 September 1969, the prosecutrix related the details of the affair to her teacher, a deputy sheriff, and a friend.

Dr. William Reed Wood, a doctor specializing in obstetrics and gynecology, examined the prosecutrix on 16 September 1969. He testified that in his opinion she had previously had sexual intercourse.

Defendant denied ever having had sexual relations with his daughter. His testimony tends to show that he was at home on the date in question, either with his 15-year-old son Kenneth or his 12-year-old son Lee, at all times, and that he could not have had intercourse with his daughter without one or both of his sons seeing him. Kenneth and Lee both testified that they did not see their father touch their sister.

From a verdict of guilty as charged and sentence imposed, defendant appealed. The case was transferred to this Court under its transferral order of 31 July 1970.

*Attorney General Robert Morgan and Assistant Attorney General I. Beverly Lake, Jr., for the State.*

*Wallace C. Harrelson, Public Defender, for defendant appellant.*

MOORE, Justice.

Defendant makes these assertions by his assignments of error: (1) That the court erred in refusing to dismiss the prosecution upon a compulsory nonsuit. G.S. 15-173. (2) That the court erred in entering and signing the judgment as appears of record.

[1-3] A father violates G.S. 14-178 and by reason thereof is guilty of the statutory felony of incest if he has sexual intercourse, either habitual or in a single instance, with a woman or girl whom he knows to be his daughter. A conviction for incest may be had against a father upon the uncorroborated testimony of the daughter if such testimony suffices to establish all the elements of the offense beyond a reasonable doubt. *State v. Rogers,* 260 N.C. 406, 133 S.E. 2d 1; *State v. Wood,* 235 N.C. 636, 70 S.E. 2d 665; *State v. Sauls,* 190 N.C. 810, 130 S.E. 848; *Strider v. Lewey,* 176 N.C. 448, 97 S.E. 398. On motion for judg-

ment as of nonsuit, the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable intendment thereon and every reasonable inference therefrom. *State v. Primes,* 275 N.C. 61, 165 S.E. 2d 225; *State v. Lipscomb,* 274 N.C. 436, 163 S.E. 2d 788; *State v. Davis,* 272 N.C. 469, 158 S.E. 2d 630; *State v. Overman,* 269 N.C. 453, 153 S.E. 2d 44; 2 Strong's N. C. Index 2d, Criminal Law § 104, p. 648. Only the evidence favorable to the State will be considered, and the evidence relating to matters of defense or the defendant's evidence in conflict with that of the State will not be considered. *State v. Miller,* 271 N.C. 646, 157 S.E. 2d 335; *State v. Young,* 271 N.C. 589, 157 S.E. 2d 10; *State v. Glover,* 270 N.C. 319, 154 S.E. 2d 305; *State v. Goins,* 261 N.C. 707, 136 S.E. 2d 97; *State v. Moseley,* 251 N.C. 285, 111 S.E. 2d 308; *State v. Gay,* 251 N.C. 78, 110 S.E. 2d 458; 2 Strong's N. C. Index 2d, Criminal Law § 104, p. 650.

[4] In the instant case there was positive testimony by the prosecuting witness that the defendant, her father, while living with her in the relationship of father and daughter, had sexual intercourse with her. This testimony was corroborated by the other witnesses to whom she had reported the occurrence. Judge Collier correctly adjudged that this evidence for the State made the defendant's guilt a question for the jury.

[5] The defendant's exception to the signing and entry of the judgment raises only the question of whether there is error or a fatal defect apparent on the face of the record proper. *State v. Hilton,* 271 N.C. 456, 156 S.E. 2d 833; *Dellinger v. Bollinger,* 242 N.C. 696, 89 S.E. 2d 592; 3 Strong's N. C. Index 2d, Criminal Law § 161. In the instant case, no such error or defect appears. The bill of indictment properly charges the offense. The judgment is within the statutory limits and is supported by the verdict. Therefore, the defendant's exception to the signing and entry of the judgment is without merit. *State v. Sloan,* 238 N.C. 672, 78 S.E. 2d 738; *State v. Williams,* 235 N.C. 429, 70 S.E. 2d 1; *State v. Oliver,* 213 N.C. 386, 196 S.E. 325; 3 Strong's N. C. Index 2d, Criminal Law § 161.

We have carefully reviewed the record and find no error.

No error.

Justice LAKE did not participate in the consideration or decision of this case.