STATE OF NORTH CAROLINA v. BERNARD COOKE

No. 7

(Filed 10 March 1971)

**1. Witnesses § 1; Rape § 4— rape prosecution — competency of seven-year-old victim to testify**

A seven-year-old victim of rape who stated that she knew the meaning of an oath and the consequences of a falsehood was competent to testify in the trial of her assailant.

**2. Witnesses § 1— competency of witness — age of witness**

There is no age below which one is incompetent as a matter of law to testify.

**3. Witnesses § 1— test of competency**

The test of competency is the capacity of the proposed witness to understand and to relate under oath the facts which will assist the jury in determining the truth with respect to the ultimate facts.

**4. Witnesses § 1— determination of competency — discretion of court**

Competency is to be determined at the time the witness is called to testify and rests mainly, if not entirely, in the sound discretion of the trial court in the light of his examination and observation of the particular witness.

**5. Witnesses § 2— competency of seven-year-old witness — conflicting testimony on voir dire**

The competency of a seven-year-old victim of rape to testify as a witness in the trial of her assailant was not affected by her conflicting testimony on the *voir dire* examination.

**6. Criminal Law § 104— motion for nonsuit — sufficiency of the evidence**

Where taken in the light most favorable to the State, there is sufficient evidence from which a jury could find that the offense charged had been committed and that defendant committed it, nonsuit should be denied.

**7. Rape § 5— rape of seven-year-old girl — sufficiency of evidence**

In a prosecution charging the fifteen-year-old defendant with the rape of a seven-year-old girl, the testimony of the girl, which was corroborated in part by her mother, her grandmother, and the examining physician, was sufficient to withstand defendant's motion for nonsuit.

**8. Criminal Law § 127— arrest of judgment — defect on face of record**

A judgment in a criminal prosecution may be arrested only when some fatal error or defect appears on the face of the record proper.

APPEAL by defendant from *Hall, J.,* August 2, 1970 Regular Schedule "B" Session of WAKE County Superior Court.

State v. Cooke

Criminal prosecution upon a bill of indictment, proper in form, charging defendant with raping Bertha Ann Dickens, a seven-year-old girl, in violation of G.S. 14-21. The jury returned a verdict of guilty as charged, with the recommendation of life imprisonment. From judgment in accordance therewith, the defendant appealed.

The prosecutrix testified in substance that she is seven years old and lives with her mother and grandmother across the street from the defendant. On the afternoon the crime was committed she went to defendant's home to play with defendant's little brother; defendant invited her to come into his bedroom and lie down upon the bed, which she did, and the defendant closed the door, partly removed her panties and had sexual intercourse with her. His actions caused her to bleed and she went home and changed her panties, putting those which had blood on them in the dirty clothes. Her mother found these panties that night, and when questioned, she told her mother and grandmother what had happened. She was then taken to the hospital where she was examined by Dr. McDowell.

The prosecutrix' mother and grandmother testified that the panties with blood on them were not found until five days later, and it was then that the prosecutrix told them what the defendant had done, and she was then taken to Dr. McDowell for an examination.

Dr. McDowell testified that he examined the prosecutrix and that her hymen had been ruptured by some object.

Detective L. W. Godwin of the Raleigh Police Department testified a warrant charging defendant with rape was issued on 6 May 1970, the day after the prosecutrix was examined by Dr. McDowell, but that he was unable to locate the defendant until he was found at the bus station on 5 June 1970 with a canvas bag packed with clothes.

Defendant, sixteen years of age, testified that the prosecutrix did not come to his house on the day in question; and that he did not have sexual intercourse with her or molest her in any manner. He further testified he knew the police were looking for him, that he ran away from home because he was scared of them, and that he was on his way to Pennsylvania to visit his aunt when he was found at the bus station.

Thomas Leonard Bridges, a fifteen-year-old friend of the defendant, testified that the prosecutrix told him the day after the crime was alleged to have been committed that the defendant had not touched her.

*Attorney General Robert Morgan and Assistant Attorney General Sidney S. Eagles, Jr. for the State.*

*Charles O'H. Grimes for defendant appellant.*

MOORE, Justice.

The defendant's assignments of error are: (1) The trial court erred in ruling that the seven-year-old prosecuting witness was competent to testify, and (2) the court erred in denying defendant's motions for nonsuit and arrest of judgment.

[1-4] There was no error in holding that the child who was the victim of this offense was a competent witness. There is no age below which one is incompetent as a matter of law to testify. The test of competency is the capacity of the proposed witness to understand and to relate under the obligation of an oath facts which will assist the jury in determining the truth with respect to the ultimate facts which it will be called upon to decide. Competency is to be determined at the time the witness is called to testify and rests mainly, if not entirely, in the sound discretion of the trial judge in the light of his examination and observation of the particular witness. *State v. Bowden,* 272 N.C. 481, 158 S.E. 2d 493; *State v. Turner,* 268 N.C. 225, 150 S.E. 2d 406; *Artesani v. Gritton,* 252 N.C. 463, 113 S.E. 2d 895; *State v. Merritt,* 236 N.C. 363, 72 S.E. 2d 754; 7 Strong's N. C. Index 2d, Witnesses § 1; Stansbury's N. C. Evidence § 55 (2d ed., 1963) ; 2 Wigmore on Evidence §§ 505-509 (3d ed., 1940) ; 3 Jones on Evidence § 757 (5th ed., 1958) ; Annot., 81 A.L.R. 2d 386.

In *McCurdy v. Ashley,* 259 N.C. 619, 131 S.E. 2d 321, Justice Parker (later Chief Justice) quotes with approval from *Wheeler v. United States,* 159 U.S. 523, 40 L. Ed. 244, 16 S.Ct. 93 (in which a boy nearly five and one-half years old was held to be a competent witness in a murder case), as follows:

" 'That the boy was not by reason of his youth, as a matter of law, absolutely disqualified as a witness, is clear. While no one would think of calling as a witness an infant

only two or three years old, there is no precise age which determines the question of competency. This depends on the capacity and intelligence of the child, his appreciation of the difference between truth and falsehood, as well as of his duty to tell the former. The decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence as well as his understanding of the obligations of an oath. As many of these matters cannot be photographed into the record the decision of the trial judge will not be disturbed on review unless from that which is preserved it is clear that it was erroneous. These rules have been settled by many decisions, and there seems to be no dissent among the recent authorities.' "

In the instant case the prosecutrix was examined in the absence of the jury with reference to her intelligence, understanding, and religious belief concerning the telling of a falsehood. Among other things, she related where she lived, what school she attended, the names of her teachers and the grades she made. She further testified that she regularly attended the House of Prayer Church with her mother where she was taught about God and the Bible; that she knew an oath meant that she was to tell the truth and if she did not tell the truth, she would get a whipping and get punished.

[5] The defendant contends that due to certain conflicting statements made by the prosecutrix on the *voir dire* examination, the court erred in finding that the prosecutrix was a competent witness. "Conflicts in the statements by a witness affect the credibility of the witness, but not the competency of the testimony." 7 Strong's N. C. Index 2d, Witnesses § 2; *Graham v. Spaulding*, 226 N.C. 86, 36 S.E. 2d 727. And where there is conflicting evidence offered in the *voir dire* hearing, the judge's findings of fact are binding on this Court if supported by competent evidence in the record. *State v. Bishop*, 272 N.C. 283, 158 S.E. 2d 511; *State v. Gray*, 268 N.C. 69, 150 S.E. 2d 1; *State v. Barnes*, 264 N.C. 517, 142 S.E. 2d 344. In the present record there is ample evidence to support the judge's finding that the prosecutrix was a competent witness.

State v. Cooke

**[6, 7]** Defendant next assigns as error the trial court's denial of his motion for judgment as of nonsuit. This assignment is without merit. Where, taken in the light most favorable to the State, there is sufficient evidence from which a jury could find that the offense charged had been committed and that defendant committed it, nonsuit should be denied. *State v. Primes,* 275 N.C. 61, 165 S.E. 2d 225; *State v. Lipscomb,* 274 N.C. 436, 163 S.E. 2d 788; *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469; *State v. Davis,* 272 N.C. 469, 158 S.E. 2d 630; 2 Strong's N. C. Index 2d, Criminal Law § 104. The testimony of the prosecuting witness, corroborated in part by her mother, her grandmother, and the examining physician, is sufficient to withstand a motion for judgment as of nonsuit.

**[8]** Defendant finally assigns as error the court's denial of his motion in arrest of judgment. "A motion in arrest of judgment is one made after verdict and to prevent entry of judgment, and is based upon the insufficiency of the indictment or some other fatal defect appearing on the face of the record. . . . A judgment in a criminal prosecution may be arrested on motion duly made when, and only when, some fatal error or defect appears on the face of the record proper." 3 Strong's N. C. Index 2d, Criminal Law § 127, pp. 42-43; *State v. Benton,* 275 N.C. 378, 167 S.E. 2d 775; *State v. Stokes,* 274 N.C. 409, 163 S.E. 2d 770; *State v. Ingram,* 271 N.C. 538, 157 S.E. 2d 119; *State v. Higgins,* 266 N.C. 589, 146 S.E. 2d 681. The defendant did not point out any such error or defect, and a careful examination of the record discloses none.

No error.