STATE OF NORTH CAROLINA v. DAVID LEROY PETTICE

No. 7526SC292

(Filed 18 June 1975)

1. **Witnesses § 1— test of competency — discretion of trial court**

    The competency of a witness rests largely in the court's discretion, and the test of competency is the capacity to understand and to relate under oath facts which will assist the jury in finding the ultimate facts.

2. **Witnesses § 1— competency of witness — finding of trial court proper**

    The trial court did not err in finding a witness competent to testify where the court heard testimony of three physicians, two of them psychiatrists, who had examined the witness both before and after the robbery, the court found that the witness knew the difference between right and wrong and understood the obligations of an oath, and the court also found that the witness was able to understand the physical facts about him and had sufficient mental capacity to receive and impart his impressions of matters he had seen and heard.

3. **Criminal Law § 90— examination of State's witness — no impeachment by State**

    The trial court did not err in allowing the District Attorney to withdraw a State's witness from the stand, discuss with him his testimony, and then continue his direct examination since the District Attorney did not impeach the witness but merely enabled the witness to testify correctly.

4. **Robbery § 4— beer truck driver — armed robbery — sufficiency of evidence**

    The trial court in a prosecution for armed robbery did not err in denying defendant's motions for nonsuit where the evidence tended to show that defendant suggested robbing a beer truck and said he knew the driver, and defendant rode with other defendants to the scene of the crime and remained in the car nearby while the robbery was taking place.

5. **Criminal Law § 114— getaway car in armed robbery — jury instructions proper**

    The trial court's instructions as to the State's evidence concerning the getaway car in an armed robbery case was based upon a state of facts presented by a reasonable view of the State's evidence.

State v. Pettice

APPEAL by defendant from *Baley, Judge.* Judgment entered 23 January 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 11 June 1975.

Defendant was charged in a bill of indictment with the armed robbery of Tommy Sharp on 23 August 1974. He pleaded not guilty and, with codefendants Frank Goodman and Reginald Williams, was tried before a jury.

The victim Sharp testified that he had parked his truck and was delivering beer to the Polynesian Lounge in Charlotte when two black males, one holding a shotgun, robbed him of approximately eleven hundred dollars in currency and checks. He identified his assailants as defendant Williams and Carl Edward Greene. Sharp further testified that while he was calling the police he saw a green and white Ford parked nearby. D. A. Bailey, the police officer who answered the call, testified that he and Sharp followed the automobile and stopped it. Sharp could not identify the occupants, two black males. Bailey identified them as defendants Goodman and Pettice. Sharp testified that defendant Pettice had helped his supervisor deliver beer on his route when he was on vacation.

Two witnesses to the robbery testified that they first saw a green and white Ford, occupied by four black males, parked near the Polynesian Lounge. After the robbery they saw only two men in the car. One of the witnesses identified defendant Pettice as the man who held the shotgun during the robbery.

Defendants challenged Carl Edward Greene's competency to testify, but after a *voir dire* hearing the court overruled their objections. Greene testified that he and the three defendants were riding in a green and white Ford on the day in question. Pettice said, "We can hit a beer truck," adding, "I can't hit it because I know the driver." They waited at a shopping center, and, when Sharp's truck appeared, they followed it to the Polynesian Lounge. Then Greene and defendant Williams got out, robbed Sharp, and returned to the car, which was still parked behind the lounge. Goodman said "Run to the woods," and they did, staying there until they were apprehended by the police.

The court instructed on armed robbery and aiding and abetting, and the jury found defendant Pettice guilty as charged. From judgment imposing a prison sentence, he appealed to this Court.

State v. Pettice

*Attorney General Edmisten, by Associate Attorney Noel Lee Allen, for the State.*

*Paul J. Williams for defendant appellant.*

ARNOLD, Judge.

[1, 2] Defendant contends that the trial court erred in finding that Carl Edward Greene was competent to testify. We disagree. The competency of a witness rests largely in the court's discretion. *State v. Benton,* 276 N.C. 641, 174 S.E. 2d 793 (1970). The test of competency is the capacity to understand and to relate under oath facts which will assist the jury in finding the ultimate facts. *State v. Cooke,* 278 N.C. 288, 179 S.E. 2d 365 (1971). On *voir dire* the court below heard the testimony of three physicians, two of them psychiatrists, who had examined Greene both before and after the robbery occurred. The court found that "Carl Edward Greene knows the difference between right and wrong and is able to understand the obligations of an oath." The court also found that "he is able to understand the physical facts about what is going on around him . . . [and] has sufficient mental capacity to correctly receive and impart his impressions of matters which he has seen and heard." We find no abuse of discretion in the court's ruling.

[3] Defendant next contends that the court erred in allowing the District Attorney to withdraw Greene from the witness stand, discuss with him his testimony, and then continue his direct examination. He argues that the State was allowed to impeach its own witness. Again we disagree. As explained by the North Carolina Supreme Court in *State v. Anderson,* 283 N.C. 218, 195 S.E. 2d 561 (1973), the trial court may permit the district attorney to cross-examine an unwilling witness, for the purpose of refreshing his recollection, by reference to prior statements. This, in effect, is what the State sought to do in the case at bar. The court cautioned the District Attorney that he could not impeach his witness and would have to resume direct examination when he returned. The record shows that, after conferring with the District Attorney, Greene only enlarged upon and did not contradict his earlier testimony. It was not error to allow the State to enable the witness to testify correctly.

[4] Defendant further contends that the court erred in denying his motions for judgment as of nonsuit. This contention is with-

out merit. The rule, as set forth in *State v. Ham,* 238 N.C. 94, 97, 76 S.E. 2d 346, 348 (1953), is as follows:

> "To render one who does not actually participate in the commission of a crime guilty of the offense committed, there must be some evidence tending to show that he, by word or deed, gave active encouragement to the perpetrator of the crime or by his conduct made it known to such perpetrator that he was standing by to lend assistance when and if it should become necessary."

Viewed in the light most favorable to the State, the evidence presented was sufficient to be submitted to the jury. *See State v. Walker,* 269 N.C. 135, 152 S.E. 2d 133 (1967). The perpetrator of the crime, Carl Edward Greene, testified that defendant suggested robbing a beer truck and said he knew the driver. He rode with the other defendants in a green and white Ford to the Polynesian Lounge and remained in the car nearby while the robbery was taking place. Defendant's motions for nonsuit were properly overruled.

[5] Finally, defendant contends that the court erred in instructing the jury that the State had offered evidence which tended to show that "both Greene and defendant Reginald Williams ran to the back of the lounge where the red [sic] and white Ford car was parked, waiting for them." He argues that there was no evidence that the car was in fact waiting and that the court violated G.S. 1-180 by expressing an opinion that this fact had been proven. We disagree. The recapitulation was based upon a state of facts presented by a reasonable view of the State's evidence. *See State v. Jennings,* 276 N.C. 157, 171 S.E. 2d 447 (1970).

Defendant has received a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge PARKER concur.