STATE OF NORTH CAROLINA v. EDDIE RAY PIERCE

No. 759SC681

(Filed 17 December 1975)

1. Criminal Law § 89— prior consistent statements — admissibility for corroboration

 It was not error for the court to allow prior consistent declarations made by a witness when he had not been impeached, since the evidence was admitted for the purpose of corroboration, and prior consistent statements are admissible for corroborative purposes even though the witness has not been impeached.

2. Robbery § 5— aiding and abetting — failure to instruct — no error

 The trial court did not err in failing to instruct the jury on the law of aiding and abetting where the evidence tended to show that

defendant and two others all had guns drawn and all three acted in concert in the robbery.

**3. Criminal Law § 134— sentence to be served in county jail — authority of court**

The trial court was authorized by G.S. 148-30 to sentence defendant to a term of years to be served in the county jail.

APPEAL by defendant from *Clark, Judge.* Judgment entered 13 May 1975 in Superior Court, PERSON County. Heard in the Court of Appeals 19 November 1975.

Defendant entered a plea of not guilty to an indictment charging him with armed robbery. The State's evidence tended to establish that the defendant and two other men entered the Cash Store in Roxboro and forced Weldon Swink, the manager of the store, at gunpoint to surrender the money in the cash register.

Defendant offered evidence of alibi. Abura Jackson, the defendant's girl friend, testified that the defendant was in Durham with her at the time of the robbery. Mrs. Bernice Jackson, the mother of Abura Jackson, offered testimony corroborative of her daughter.

The jury returned a verdict of guilty and defendant was sentenced as a regular youthful offender after a finding that he would derive no benefit as a committed youthful offender. Defendant appealed to this Court.

*Attorney General Edmisten, by Associate Attorney Claudette Hardaway, for the State.*

*Ramsey, Jackson, Hubbard and Galloway, by Charles E. Hubbard and Mark Galloway, for defendant appellant.*

ARNOLD, Judge.

[1] On direct examination Weldon Swink was allowed to testify concerning what he told the investigating officer, Mr. Ashley, about the description of the robbers. Responding to the court's question as to the purpose for which the testimony was offered the State replied that it was offered to get into evidence statements Officer Ashley could corroborate. The court stated that it was received for that purpose. Defendant made no request for further instructions as to the limited use of the testimony. Officer Ashley's testimony did tend to corroborate the statements made by Mr. Swink.

We reject defendant's argument that it was error to allow prior consistent declarations made by the witness when he had not been impeached. The court admitted the evidence for the purpose of corroboration, and prior consistent statements are admissible for corroborative purposes even though the witness has not been impeached. *State v. Best,* 280 N.C. 413, 186 S.E. 2d 1 (1971). In addition to giving limiting instructions at the time the evidence was admitted the court also gave proper limiting instructions in its charge to the jury. *State v. Moseley,* 251 N.C. 285, 111 S.E. 2d 308 (1959).

[2] Defendant next asserts that it was error for the trial judge not to instruct the jury on the law of aiding and abetting, and to require a finding that defendant shared the felonious intent of the other perpetrators.

Evidence in this case shows that all three men had guns drawn, and that all three acted in concert in the robbery. The trial judge properly instructed the jury as follows:

> "I instruct you that if you should find from the evidence in this case that the defendant was present and participating in the robbery, although he may not have been the one that actually reached his hand in the cash register and took the money, that nevertheless, he would be a perpetrator in the robbery, . . . "

[3] We find no merit in defendant's argument that it was error for the trial court to sentence him to a term of years to be served in the Person County Jail under the supervision of the Department of Corrections. G.S. 148-30 provides for sentencing to county jails, and the prisoner is thereafter transferred to a camp or station designated by the Department of Corrections.

We have carefully considered all defendant's remaining assignments of error and find no prejudicial error in the trial or judgment imposing sentence.

No error.

Judges PARKER and HEDRICK concur.