IN THE MATTER OF THE WILL OF ZELLA MAY (MAE) LEONARD, DECEASED

No. 8622SC161

(Filed 2 September 1986)

**1. Witnesses § 1— voir dire—records of witness's commitment proceedings— properly considered**

The trial judge in a caveat proceeding did not err by considering on *voir dire* the records of a proposed witness's commitment proceedings. In deciding preliminary matters, the trial court will consider any relevant and reliable information that comes to its attention whether or not that information is technically admissible under the Rules of Evidence. N.C.G.S. § 8C-1, Rule 104(a).

**2. Witnesses § 1— caveat proceeding—competency of witness**

The trial judge did not abuse her discretion in a caveat proceeding by finding that a witness was incapable of remembering, understanding, and relating to the jury matters of detail concerning the holographic will where the witness could not remember having twice been involuntarily committed during the period of time about which she would have testified. N.C.G.S. § 8C-1, Rule 601(b)(1).

APPEAL by caveator from *Hyatt, Judge.* Judgment entered 18 November 1985 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 19 August 1986.

This is a caveat proceeding brought by the caveator, Roby Leonard, to contest the validity of a handwritten document offered for probate by his sister as the holographic will of their mother, Zella May (Mae) Leonard.

Zella May (Mae) Leonard died on 26 May 1982 survived by two adult children, Dorothy Mae Leonard, the propounder in this action, and Roby Clay Leonard, the caveator. The only evidence presented for purposes of this appeal is the testimony of Jessie Pearl Varner Kinney offered by the caveator. The propounder challenged Ms. Kinney's competency to testify and the court held a *voir dire* examination. During the *voir dire* examination, Ms. Kinney denied having a history of mental illness and denied that she had ever been involuntarily committed. The propounder then introduced, and the trial judge considered, records on file with the Davidson County Clerk of Court concerning involuntary commitment proceedings against Ms. Kinney. Those records show that she had been ordered hospitalized at Dorothea Dix Hospital in Raleigh in October 1965, November 1977, November 1978, December 1981, and January 1983. The records also show that another petition for the involuntary commitment of Ms. Kinney had been filed in December 1983 pursuant to which, it appears, she was ordered hospitalized in January 1984. In all of the proceedings after 1965 she was diagnosed as schizophrenic.

At the conclusion of the *voir dire* examination, the trial judge determined that Ms. Kinney was incompetent to testify. The trial judge found that Ms. Kinney had a history of mental illness, had been diagnosed as schizophrenic with symptoms of marked disorientation and hallucinations, had been involuntarily committed on the dates indicated in the records of the Davidson County Clerk of Court, and that her mental illness was a continuing problem for her. The court concluded that, because she was unable to remember her various commitment proceedings and hospitalizations, and because these events occurred during the same period of time as the events she would testify about, she was incapable of expressing herself on matters concerning Zella May (Mae) Leonard's will. Therefore, the trial judge ordered that Ms. Kinney not be allowed to testify. The jury returned a verdict for the proponent and the caveator appeals.

*Wilson, Biesecker, Tripp & Sink by Joe E. Biesecker for the caveator-appellant.*

*Brinkley, Walser, McGirt, Miller, Smith & Coles by Stephen W. Coles, for the propounder-appellee.*

EAGLES, Judge.

[1]   The caveator assigns as error the fact that the trial judge considered the records of Ms. Kinney's commitment proceedings. The caveator argues that this is error for a number of reasons including that the court records are hearsay and that they were not properly authenticated, identified, tendered, and received *into* evidence. While those arguments are relevant on the issue of the records' admissibility *into* evidence for the fact finder to consider, they have no applicability to the issue of whether they may be considered by a trial judge conducting a *voir dire* examination to determine the competency of a witness.

G.S. 8C-1, Rule 104(a) provides, in part, that "[p]reliminary questions concerning the qualification of a person to be a witness . . . shall be determined by the court." This is in accord with North Carolina practice. See H. Brandis, *Brandis on North Carolina Evidence* Section 8 (1982). Rule 104(a) also provides that "[i]n making its determination it [the court] is not bound by the rules of evidence except those with respect to privileges." This last provision of the Rule is dispositive here. The Rule's plain meaning, the Commentary to the Rule, and sound judgment all contemplate that, in deciding preliminary matters, the trial court will consider any relevant and reliable information that comes to its attention, whether or not that information is technically admissible under the rules of evidence.

The rules of evidence are designed to facilitate the introduction into evidence of relevant information which will aid the trier of fact. When deciding preliminary matters such as the competency of a witness, however, the trial court is not acting as the trier of fact. Rather, it is deciding a threshold question of law, which lies mainly, if not entirely, within the trial judge's discretion. *State v. Robinson*, 283 N.C. 71, 194 S.E. 2d 811 (1973). *State v. Fields*, 315 N.C. 191, 337 S.E. 2d 518 (1985). Where competency is questioned, the trial judge is not required to conduct a formal hearing at which all of the rules of evidence are applicable. The

trial court must make only sufficient inquiry to satisfy itself that the witness is or is not competent to testify. The form and manner of that inquiry rests in the discretion of the trial judge.

[2]   While the trial court's power to determine the competency of a witness is not an arbitrary one, there is no abuse of its discretion where there is evidence to support its ruling. Where there is a clear abuse of discretion, however, the ruling will be reversed. *Artesari v. Griffon*, 252 N.C. 463, 113 S.E. 2d 895 (1960). The remaining question then, is whether the trial judge abused her discretion in ruling Ms. Kinney incompetent to testify. We believe there is ample evidence to support the trial judge's ruling.

The competency of a witness is determined at the time the witness is called upon to testify. *State v. Cooke*, 278 N.C. 288, 179 S.E. 2d 365 (1971); *State v. Robinson*, 283 N.C. 71, 194 S.E. 2d 811 (1973); *State v. Thomas*, 296 N.C. 236, 250 S.E. 2d 204 (1978). The test of competency is the capacity of the proposed witness to understand and to relate under oath the facts which will assist the jury in determining the truth with respect to the ultimate facts. *State v. Cooke, supra.* This is the applicable test even when the trial court finds, as it did here, that the witness is presently suffering from a mental illness. Even there, the witnesses may testify if they have sufficient understanding to apprehend their obligation to tell the truth and are able to give a correct account of the matters the witness seeks to testify about. *State v. Benton*, 276 N.C. 641, 174 S.E. 2d 793 (1970).

Our rules of evidence are also applicable in determining the competency of a witness. G.S. 8C, Rule 601(b) provides, in part, that

A person is disqualified to testify as a witness when the court determines that he is (1) incapable of expressing himself concerning the matter to be understood, either directly or through interpretation by one who can understand him, or (2) incapable of understanding the duty of a witness to tell the truth. G.S. 8C-601(b) (1983).

Rule 601 makes no change in the basic rules of competency as they have been stated by our Supreme Court in the cases cited above. See H. Brandis, *Brandis on North Carolina Evidence* Section 55 (Supp. 1986). Therefore, unsoundness of mind is not *per se*

grounds for ruling a witness incompetent under Rule 601. Here, the trial court did not rely solely on its finding that Ms. Kinney was still suffering from schizophrenia. Instead, the trial judge seemed to rely more heavily on her answers to the *voir dire* questions. During the *voir dire* examination, Ms. Kinney denied having ever been involuntarily committed or having ever been the subject of commitment proceedings, she denied that she had ever been diagnosed as schizophrenic, and she denied having a history of mental illness. The records of Ms. Kinney's commitment proceedings, the accuracy of which the caveator does not challenge, directly contradict all of those denials. That fact, coupled with the trial court's finding that the events which she would testify to occurred around the time of the events she denied, led the trial court, using the language of Rule 601(b)(1), to conclude that Ms. Kinney was "incapable of expressing herself concerning matters to be understood."

In addition, a review of the *voir dire* transcript shows that the probative value of what Ms. Kinney would have said had she been allowed to testify is uncertain because her responses to questions were sometimes confusing. The discretion given to the trial court to determine a witness' competency is largely grounded on the ability of the trial judge to observe the witness' demeanor. See *State v. Fields, supra.* The importance of observing the witness cannot be overestimated. This is especially true in matters dealing with witness competency where the witness' tone and inflection of voice, the certainty with which the witness answers the question, and the general coherence of the witness' testimony are directly illustrative of the testimony's ability to aid the finder of fact.

The events and conversations which Ms. Kinney would have testified about occurred during the period of 1979-1982. It is clear that the trial judge did not abuse her discretion by finding that the witness was incapable of remembering, understanding, and relating to the jury, matters of detail concerning Ms. Leonard's holographic will, where the witness could not remember having twice been involuntarily committed during that same period of time.

No error.

Judges ARNOLD and PARKER concur.