State v. Liles

STATE OF NORTH CAROLINA v. S. C. LILES

No. 619A87

(Filed 8 June 1989)

1. **Witnesses § 1.1— murder—codefendant as witness—mental capacity—competent**

The trial court did not err in a prosecution for first degree murder by concluding that a codefendant was competent to testify against defendant because he was competent to assist counsel in his own defense where the trial judge's decision was based on his observation of the witness, his consideration of a psychiatric report from Dorothea Dix Hospital, and the lack of evidence and support of defendant's assertion that the witness was incompetent. N.C.G.S. § 8C-1, Rule 601.

2. **Criminal Law § 89.7— murder—motion to compel witness to submit to independent psychiatric exam denied—no error**

The trial court did not err in a murder prosecution by denying defendant's motion to compel a witness to submit to an independent psychiatric exam. Trial judges do not have discretionary power to compel an unwilling witness to submit to a psychiatric exam.

APPEAL by defendant pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment for first de-

gree murder entered by *Preston, J.*, at the 13 July 1987 Criminal Session of Superior Court, RICHMOND County. Defendant's motion to bypass the Court of Appeals on his appeal from concurrent sentences of six years imprisonment for felonious breaking or entering and the merged convictions of felonious larceny and possession of stolen property was allowed by the Supreme Court on 21 October 1988. Heard in the Supreme Court 10 April 1989.

*Lacy H. Thornburg, Attorney General, by Doris J. Holton, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, and M. Patricia Devine, Assistant Appellate Defender, for defendant.*

FRYE, Justice.

Defendant was tried by a jury and convicted of murder in the first degree in violation of N.C.G.S. § 14-17; felonious breaking or entering in violation of N.C.G.S. § 14-54(a); felonious larceny in violation of N.C.G.S. § 14-72(b)(2); and felonious possession of stolen goods in violation of N.C.G.S. § 14-72(c). After a sentencing hearing held pursuant to N.C.G.S. § 15A-2000, the jury recommended a life sentence on defendant's conviction for murder in the first degree after failing to find any aggravating circumstances. The trial judge then entered a life sentence on the murder conviction and a sentence of a term of years on the remaining offenses. On appeal to this Court, defendant contends that the trial court erred by denying both defendant's motion to preclude the State's witness, Floyd Ingram, from testifying, and defendant's motion for an independent psychiatric examination of the same witness. We find no error in the judge's rulings.

Evidence for the State tended to show the following: On 8 January 1987, two hunters discovered the body of a man, later identified as Isiah Sweeney, hanging across a tree in the Pee Dee River near Cheraw, South Carolina. The victim's hands were tied behind his back and the body was in the water from the knees down to the feet.

Floyd Ingram, a codefendant, testified at trial for the State. Ingram stated that in the afternoon of 17 December 1986, defendant and the victim were together at the victim's mother's house. Ingram followed them to the victim's house where they drank liq-

uor. After several drinks, the three men left together in defendant's car to drive to the Pee Dee River. They stopped at a boarded-up, one-room house, twenty or thirty feet from the river. Defendant told Ingram to get a lug wrench and a screwdriver out of the car. Ingram complied with defendant's request and subsequently removed two boards from the back of the house while defendant and the victim took the lock off the door and entered the house. Ingram also entered the house and heard defendant tell the victim that the victim owed him money. Ingram further testified that at defendant's direction, he removed from the house the linen from a bed, a heater and some beer and placed the items in defendant's automobile. Ingram and defendant then tied the victim's hands with string and with the victim's belt. Defendant then led the victim, who was intoxicated, out of the house and down to the river. Ingram further testified that he saw defendant hit the victim "right up across the head" with a stick while they were in the house and again when they reached the river. At the river, defendant took the victim down a little slope, laid him in the water, and "put his foot on him."

Cheryl Thorne, an expert in the field of forensic pathology, testified that the cause of the victim's death was drowning. The testimony of other witnesses for the State tended to corroborate the testimony of Ingram.

Defendant testified in his own behalf and stated that he knew nothing about the death of Isiah Sweeney. Ola Mae Liles, Bun Liles, Willie Mae Liles, Tara Liles, Richard Allen and Charles McNeil each testified that defendant and Ingram were together on the day in question and that both men were drinking alcohol. Sally Hennighan, Ingram's former girlfriend, testified that Ingram had beat her on one occasion. Juanita Collins and Shirley Little testified regarding separate incidents in which Ingram had attempted to have sexual relations with them and threatened them with a butcher knife.

Defendant made two motions at trial, a motion to preclude Floyd Ingram from testifying and a motion for an independent psychiatric examination of Ingram. The trial judge orally denied both motions and subsequently entered the following order:

Now comes the Defendant being present in open court with his attorneys . . . with a motion upon a paperwriting en-

titled, DEFENDANT'S MOTION FOR PSYCHIATRIC EXAMINATION OF STATE'S WITNESS FLOYD INGRAM and MOTION TO PROCLUDE [sic] FLOYD INGRAM FROM TESTIFYING AGAINST S. C. LILES IN THE ABOVE ENCAPTIONED ACTIONS, the Court makes the following findings of fact:

. . . .

2. The Court considered a REPORT OF PSYCHIATRIC EXAMINATION OF FLOYD INGRAM BY DOROTHEA DIX HOSPITAL which is contained in file number 87 CrS 212, State vs. Floyd Ingram.

3. The defendant has had access to and reviewed such report.

. . . .

5. Other than the psychiatric report on Floyd Ingram and oral arguments by counsel, the defendant has presented no other evidence.

Based upon the foregoing findings of fact, the Court makes the following conclusions of law:

1. That the Defendant has failed to establish grounds for disqualification of Floyd Ingram as a witness in this matter.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED: That the relief sought be and is hereby denied.

[1] In his first assignment of error, defendant contends that the trial court erred in denying the motion to preclude Floyd Ingram from testifying. After the trial judge made findings of fact and conclusions of law regarding the motions, the defendant objected to the judge's conclusion that Ingram was competent to testify because he was competent to assist counsel in his own defense. The trial judge responded to the objection in the following manner:

COURT: I understand that, but what I was simply saying in that was that if he is competent to assist counsel in his defense on a first degree murder charge, he ought to be competent to testify, given those problems that you have raised, some of which are mentioned in this report.

Defendant asserts that the order of the trial court denying both motions was erroneous as an arbitrary finding of competency to testify based on an incorrect standard of competency to stand trial, i.e., that the witness could assist counsel in his own defense at trial. We find no error in the ruling of the trial court.

The competency of a witness to testify is governed by N.C.G.S. § 8C-1, Rule 601, which provides in pertinent part:

(a) General rule.—Every person is competent to be a witness except as otherwise provided in these rules.

(b) Disqualification of witness in general.—A person is disqualified to testify as a witness when the court determines that he is (1) incapable of expressing himself concerning the matter as to be understood, either directly or through interpretation by one who can understand him, or (2) incapable of understanding the duty of a witness to tell the truth.

N.C.G.S. § 8C-1, Rule 601 (1988). To test the competency of a witness, the trial judge must assess the capacity of the proposed witness to understand and to relate under oath the facts which will assist the jury in determining the truth with respect to the ultimate facts. *State v. Cooke*, 278 N.C. 288, 290, 179 S.E. 2d 365, 367 (1971).

The trial judge's decision was based on his observation of the witness, his consideration of the psychiatric report from Dorothea Dix Hospital and the lack of evidence in support of defendant's assertion that the witness was incompetent. The judge, by his own statement made in open court, explained his personal observation of the witness's ability to communicate with counsel. The judge's observation supported the determination that the witness was capable of expressing himself on the witness stand concerning the matter so as to be understood as required by N.C.G.S. § 8C-1, Rule 601. There was nothing arbitrary in the judge's actions.

Nevertheless, defendant challenges the competency of Floyd Ingram based on Ingram's past history of mental illness. However, it is well established that unsoundness of mind does not automatically render a witness incompetent to testify. *State v. Benton*, 276 N.C. 641, 650, 174 S.E. 2d 793, 799 (1970). The trial judge considered the psychiatric report from Dorothea Dix which stated that the witness had the capacity to proceed and deter-

mined that, in light of the fact that defendant presented no other evidence and based on his own observation of the witness, the witness was competent to testify. We find that the denial of the motion to preclude the witness from testifying was not error.

[2] By his next assignment of error, defendant contends that the trial court erred by denying his motion to compel Ingram to submit to an independent psychiatric examination. The trial judge denied defendant's motion for a psychiatric examination of the witness simultaneously with the motion to preclude the witness from testifying.

This Court has previously held that trial judges do not have discretionary power to compel an unwilling witness to submit to a psychiatric examination. *State v. Wilson*, 322 N.C. 117, 125, 367 S.E. 2d 589, 594 (1988); *State v. Clontz*, 305 N.C. 116, 286 S.E. 2d 793 (1982); *State v. Looney*, 294 N.C. 1, 240 S.E. 2d 612 (1978). *See, also, State v. Fletcher*, 322 N.C. 415, 368 S.E. 2d 633 (1988) (not error to refuse request to have child victim-witness examined by clinical psychologist).

*State v. Looney*, 294 N.C. 1, 240 S.E. 2d 612, is closely analogous to the instant case. In *Looney*, a pre-trial psychiatric examination by Dorothea Dix Hospital of the State's main witness, Matthews, determined that the witness was not insane. The defendant made a motion to require Matthews to undergo a psychiatric examination by a psychiatrist chosen by the defendant at the defendant's expense. The trial judge denied the motion. This Court, in a lengthy discussion of the issue, stated:

> To hold that a trial court in this State may require a witness, against his will, to subject himself to a psychiatric examination, as a condition to his or her being permitted to testify, is also a serious handicap to the State in the prosecution of criminal offenses . . . . In many instances, a material witness for the State is none too eager to testify under any circumstances. To permit the defendant to obtain a court order, directing him or her to submit to a psychiatric examination as a condition precedent to testifying, may well further chill his or her enthusiasm for taking the stand or at least give him a way out of doing so.
>
> . . . .

> We think that so drastic a change in the criminal trial procedure of this State, if needed, should be brought about . . . by a carefully considered and drafted statute, not by our pronouncement leaving the matter to the unguided discretion of the trial judge.

*Id.* at 28, 240 S.E. 2d at 627. The instant case does not present a situation calling for a departure from the rationale of *Looney* and its progeny. Therefore, we hold that the trial judge did not err by denying the motion for a psychiatric examination because such an order, under the facts of this case, would exceed the authority of the judge.

Defendant cites *State v. Moore*, 321 N.C. 327, 364 S.E. 2d 648 (1988), in support of his position. However, *Moore* does not control the instant case. In *Moore*, this Court held that the trial court erred by denying the defendant's motion for a court-appointed psychiatrist. The Court reasoned that the evidence was sufficient to show that the defendant had a particularized need for the assistance of a psychiatrist in the preparation of his case and that the appointment of a psychiatrist to determine the defendant's competency to stand trial did not satisfy that obligation. Here, defendant is not seeking the appointment of a psychiatrist to assist in the preparation of his case but is seeking to have a witness examined by a psychiatrist to determine the witness's competence. *Moore* is not applicable to the instant case.

In defendant's trial we find

No error.